IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**ISAIAH FISHER,**

      **Petitioner,**

v.                                                       Case No. 1:17-cv-03730

**BARBARA RICKARD, WARDEN,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner, Isaiah Fisher's (hereinafter "Fisher") Letter-Form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Fisher is presently incarcerated at FCI McDowell in Welch, West Virginia. His projected release date is December 8, 2028.

This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Fisher's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

      **A.**     **The petitioner's conviction and direct appeal proceedings.**

On July 7, 2015, Fisher pled guilty, pursuant to a written plea agreement, to one count of bank robbery in violation of 18 U.S.C. § 2113(a) in the United States District Court

for the Northern District of Indiana. *United States v. Fisher*, No. 3:15-cr-00039-RLM-CAN, ECF No. 26 (N.D. Ind. July 7, 2015) (hereinafter "the second bank robbery"). At the time of the second bank robbery in 2015, Fisher was serving a three-year term of supervised release, having previously been convicted of bank robbery in 2008 by a jury in the United States District Court for the Northern District of Indiana. J. in Criminal Case, *United States v. Fisher*, No. 3:07-cr-46-RLM-CAN, ECF No. 60 (N.D. Ind. July 10, 2008) (hereinafter "the first bank robbery"). According to the Indiana district court's Sentencing Memorandum in the second bank robbery proceeding, Fisher committed the first bank robbery while on supervision for a prior burglary conviction.[1] Sentencing Mem., *United States v. Fisher*, No. 3:15-cr-00039-RLM-CAN, ECF No. 39

Fisher's plea agreement in the second bank robbery proceeding included a waiver provision stating, in pertinent part, "I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction and sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel . . . ." *Id.*, Plea Agreement, ECF No. 23 at 5, ¶ 9(h).

On October 13, 2015, Fisher was sentenced to serve 188 months of imprisonment, followed by a three-year term of supervised release. *Id.*, J. in a Criminal Case, ECF No. 41. Under the United States Sentencing Guidelines, Fisher's guideline calculation would have resulted in a total adjusted guideline level of 23, with a criminal history category of IV. *Id.*, Sentencing Mem., ECF No. 39 at 1. However, the district court found that Fisher qualified for a guideline enhancement under USSG § 4B1.1 for being a career

---

[1] The burglary conviction is the predicate offense that is the basis of Fisher's claim in this section 2241 proceeding.

offender.² Therefore, his sentencing guideline level was increased to a level 32, but then reduced to a 29 for acceptance of responsibility, with a criminal history category of VI, resulting in a sentencing guideline range of 151-188 months.³ He was sentenced to 188 months of imprisonment, followed by a three-year term of supervised release. *Id.*, J. in a Criminal Case, ECF No. 41 at 2-3. Fisher did not appeal his Judgment to the United States Court of Appeals for the Seventh Circuit.

### B. Petitioner's prior post-conviction filings.

On March 31, 2016, Fisher filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Indiana. *Id.*, Motion to Vacate Sentence, ECF No. 46 (also docketed as *Fisher v. United States*, No. 3:16-cv-00197-RLM-CAN (hereinafter "the Indiana civil case")). In the section 2255 motion, Fisher contended that his prior convictions for burglary and robbery didn't qualify as crimes of violence for use as predicate offenses under the career offender guideline in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that his attorney provided ineffective assistance of counsel when he failed to object to the enhancement of his sentence under the career offender guideline.

On May 4, 2016, the United States District Court for the Northern District of Indiana dismissed the section 2255 motion, finding that Fisher's *Johnson* claim was

---

2  USSG § 4B1.1(a) provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

3  The undersigned does not have access to petitioner's Presentence Investigation Report, or any transcript of his sentencing hearing, in order to verify the guideline calculation. The procedural history addressed herein is taken from the district court's Sentencing Memorandum and the docket of the United States District Court for the Northern District of Indiana in the petitioner's criminal case, No. 3:15-cr-00039-RLM-CAN and his section 2255 proceeding, *Fisher v. United States*, No. 3:16-cv-00197-RLM-CAN.

3

barred by the waiver provision of his plea agreement and that he could not prevail on his claim of ineffective assistance of counsel. *Id.*, Opinion and Order, ECF No. 47 (also docketed as ECF No. 1 in the Indiana civil case). Fisher has moved for reconsideration of this ruling in the Indiana district court. *Id.*, ECF Nos. 54 and 57 (also docketed as ECF No. 5 in the Indiana civil case). Fisher has also twice been denied authorization to file a second or successive section 2255 motion by the United States Court of Appeals for the Seventh Circuit. *See* Order, *Fisher v. United States*, No. 16-2620 (7th Cir. July 21, 2016); Order, *Fisher v. United States*, No. 17-2313 (7th Cir. July 6, 2017).

### C. Fisher's prior section 2241 petition.

On September 19, 2016, while incarcerated at USP Big Sandy in Inez, Kentucky, Fisher filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky, in which he re-asserted a claim under *Johnson, supra*, and further asserted that his Indiana burglary offense does not qualify as a predicate offense for the career offender enhancement in light of the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016).[4] Petition, *Fisher v. Kizziah*, No. 7:16-cv-00203-KKC, ECF No. 1 (E.D. Ky. Sept. 19, 2016). On July 17, 2017, the Kentucky district court denied Fisher's section 2241 petition, finding that Fisher could not use the savings clause of 28 U.S.C. § 2255(e) to raise his claims in a section 2241 proceeding. *Id.*, Mem. Opinion and Order, ECF No. 18.

---

4 According to the Kentucky district court's opinion, Fisher subsequently abandoned his *Johnson* claim.

### D. Petitioner's section 2241 petition.

The instant section 2241 petition, which was filed in this court on August 1, 2017, again challenges Fisher's career offender enhancement in light of the Supreme Court's decision in *Mathis*, as well as the United States District Court for the Northern District of Indiana's unpublished decision in *Handshoe v. United States*, No. 1:15-cr-00035-TLS, 2016 WL 445242 (N.D. Ind. Aug. 24, 2016). In *Mathis*, the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in *Taylor v. United States*, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

In *Handshoe*, an Indiana district judge considering a motion to dismiss ACCA status allegations contained in an indictment applied *Mathis* to Indiana's burglary statute, finding that its elements were broader than the generic burglary defined in *Taylor*. Fisher now contends that, in light of these decisions, his prior Indiana burglary conviction cannot qualify as a predicate offense for the purpose of career offender status and, thus, his sentence is unlawful.

Because it is apparent from the face of the petition that Fisher is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

Fisher's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of Indiana. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, Fisher has already unsuccessfully filed a section 2255 motion in his court of conviction. Thus, he would likely be procedurally barred from filing another section 2255 motion without authorization from the United States Court of Appeals for the Seventh Circuit under very limited criteria. *See* 28 U.S.C. 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

> him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332.

Thus, before considering Fisher's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the Fisher's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the <u>conviction</u>; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed <u>such that the conduct of which the petitioner was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (emphasis added).

"Fourth Circuit precedent has not extended the reach of the savings clause to those petitioners who challenge only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Rather, use of the savings clause has been "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (denying extension of the savings clause to a claim of actual innocence of career offender status).

7

Although Fisher appears to be asserting that, pursuant to *Mathis*, there has been an intervening change in substantive law that retroactively affects his case, *Mathis* is a purely procedural rule that has not been made retroactive on collateral review. Moreover, *Mathis* does not change the substantive law such that the <u>conduct of which Fisher was convicted is deemed not to be criminal</u>. Rather, Fisher appears to be asserting that *Mathis* calls into question whether his prior burglary conviction was properly used to enhance his sentence, which does not implicate the savings clause.[5] *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with recidivist enhancements is a sentencing factor, not an "element" of a triggering crime); *Ham v. United States*, No. 7:17-cv-00295, 2017 WL 2799893 (W.D. Va. June 27, 2017); *Holland v. Johnson*, No. 1:16-cv-06000, 2017 WL 7083716 *3 & n.1 (S.D. W. Va. Sept. 7, 2017) (Proposed Findings and Recommendation adopted on Jan. 25, 2018); *McMullin v. Saad*, No. 1:16-cv-00227, 2018 WL 844452 *5 (N.D. W. Va. Jan. 11, 2018) (Report and Recommendation adopted on Feb. 12, 2018) (Section 2241 petitions asserting challenges to sentencing enhancement under *Mathis* dismissed for failure to meet savings clause).

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of Fisher's claim by this court under section 2241. A claim that Fisher's prior conviction was not properly used to enhance his sentence under the career offender guideline was available to him at the time that he could have filed a direct

---

[5] Likewise, *Handshoe*, which is a district court opinion that has no precedential authority herein, does nothing to assist Fisher's ability to use the savings clause to obtain review under section 2241 in this court.

appeal and when he filed his prior 2255 motion. In light of the fact that Fisher has already unsuccessfully challenged his sentence in a prior 2255, he is likely barred from pursuing such a claim now.[6] While this court could construe Fisher's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would be an unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Fisher has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Fisher's claim contained in his section 2241 petition.[7]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code,

---

[6] Additionally, the undersigned notes that Fisher's claims in any of these post-conviction proceedings are also likely barred by the waiver in his plea agreement.

[7] The undersigned notes that a panel of the United States Court of Appeals for the Fourth Circuit is presently considering an appeal of the denial of a section 2241 petition in which the court may determine, *inter alia*, whether the savings clause in section 2255(e) is jurisdictional and whether it provides a pathway to relief from an erroneous mandatory minimum sentence as a fundamental defect or miscarriage of justice. *See United States v. Wheeler*, No. 16-6073 (4th Cir.) The panel heard oral argument on January 25, 2018, but a decision has not yet been rendered.

Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

February 16, 2018

Dwane L. Tinsley
United States Magistrate Judge