IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ISAIAH FISHER,

    Petitioner,

v.                          CIVIL ACTION NO. 1:17-03730

BARBARA RICKARD, Warden,
FCI McDowell,

    Respondent.

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. By Standing Order, the matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On February 16, 2018, the magistrate judge submitted his PF&R, in which he recommended that the district court dismiss this matter for lack of jurisdiction and remove the matter from the court's docket. ECF No. 6.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure to file such objections constitutes a waiver of the right to a de novo review

by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Petitioner failed to file any objections to Magistrate Judge Tinsley's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation, the court hereby **ADOPTS** the factual and legal analysis contained within the PF&R, (ECF No. 7), **DISMISSES** this matter for lack of jurisdiction,[1] (ECF No. 1), and **DIRECTS** the Clerk to remove this case from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that

---

[1] After reviewing the Proposed Findings and Recommendation, this court agrees that in light of petitioner's identical and unsuccessful post-conviction § 2255 challenges, initially before the Northern District of Indiana in Fisher v. United States, No. 3:13-cv-00197-RLM-CAN, Opinion and Order, ECF No. 47, and the Seventh Circuit's denial of successive petitions for reconsideration in Fisher v. United States, No. 16-2620 (July 21, 2016) and Fisher v. United States, No. 17-2313 (July 6, 2017), that petitioner is likely barred from again pursuing his claim.  Nonetheless, because petitioner has not demonstrated 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction, he is not entitled to pursue his claim under 28 U.S.C. § 2241. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).  Since 28 U.S.C. § 2241 does not apply, relief may only be pursued in petitioner's sentencing court, the Northern District of Indiana.  See 28 U.S.C. § 2255(e).

reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and petitioner, pro se.

It is **SO ORDERED** this 20th day of March, 2018.

ENTER:

David A. Faber
Senior United States District Judge

3